UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE GOENS, <br><br> Plaintiff, <br><br> v. <br><br> ADAMS & ASSOCIATES, INC., <br><br> Defendant. | No. 2:16-cv-00960-TLN-KJN <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion for Judgment on the Pleadings. (ECF No. 16.) Plaintiff Maurice Goens ("Plaintiff") opposes the motion. (ECF No. 17.) Defendant has filed a reply. (ECF No. 18.) For the foregoing reasons, the Court hereby GRANTS Defendant's motion for judgment on the pleadings (ECF No. 16).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is an African American male who practices Islam. (ECF No. 16-1 ¶ 13.) Plaintiff alleges in 2008 he was hired as a Recreational Specialist for Sacramento Job Corps Center ("SJCC"), a career development facility for at-risk young adults. (ECF No. 16-1 ¶¶ 9–10.) Plaintiff states his duties included promoting student involvement in recreational activities and educational trips for students. (ECF No. 16-1 ¶ 11.) Plaintiff alleges during his tenure he had no disciplinary history, worked "with support and praise from his supervisors," and received the

1

employee of the month award three times.  (ECF No. 16-1 ¶ 12.)  Plaintiff also alleges he was an active member of the California Federation of Teachers Union ("CFTU").  (ECF No. 16-1 ¶ 13.)

In February 2014, Defendant became the new managing corporation of SJCC.  (ECF No. 16-1 ¶ 14.)  Plaintiff alleges Defendant announced it would evaluate and interview all employees, and reorganize several job duties for positions.  (ECF No. 16-1 ¶¶ 15 & 17.)  Plaintiff alleges he attended meetings with Defendant and was rehired as a Recreational Specialist.  (ECF No. 16-1 ¶¶ 16 & 18.)  Plaintiff alleges his employment status went from full-time to part-time "shortly after" he informed Defendant he practiced Islam.  (ECF No. 16-1 ¶ 18.)  Plaintiff also alleges Defendant "favored women" and "disfavored" union supporters.  (ECF No. 16-1 ¶ 21.)  Plaintiff alleges his supervisor falsified "claims against employees to reach predetermined outcomes regarding employment of minorities and union members."  (ECF No. 16-1 ¶ 21.)

Defendant terminated Plaintiff's employment on the final day of his six-month probationary period, citing Plaintiff's "(1) lack of improvement in promoting student involvement in recreation; (2) failure to perform assigned duties as discussed with supervisor; (3) and failure to successfully pass the 6-month introductory period."  (ECF No. 16-1 ¶ 19.)  Plaintiff disputes this and alleges that he performed all assigned duties, as well as extra responsibilities, even while working part time.  (ECF No. 16-1 ¶ 20.)

On March 23, 2016, Plaintiff filed a complaint in the Superior Court of Sacramento County.  (ECF No. 16-1 at 4.)  Defendant answered the complaint and then removed the case to this Court on the basis of diversity jurisdiction.  (ECF No. 1 at 36–43.)  Defendant moved for judgment on the pleadings arguing Plaintiff fails to state a claim.  (ECF No. 16.)

Plaintiff alleges claims for violations of the California Fair Employment and Housing Act ("FEHA") and common law, including: (i) race, religion, and sex discrimination in violation of California Government Code § 12940(a); (ii) wrongful termination in violation of public policy; (iii) retaliation in violation of California Government Code § 12940(h); (iv) harassment; (v) failure to prevent discrimination in violation of California Government Code § 12940(k)," and; (vi) intentional infliction of emotional distress.  (ECF No. 16-1 at 4–16.)[1]

---

[1] Plaintiff alleges two claims for wrongful termination in violation of public policy.  (*See* ECF No. 16-1 ¶¶

2

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–1055 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted).

A judgment on the pleadings is not appropriate if the Court "goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989); Fed. R. Civ. P. 12(d). A district court may, however, "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss [or motion for judgment on the pleadings] into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

"While Rule 12(c) of the Federal Rules of Civil Procedure does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply

---

32–42, 74–83.) Plaintiff does not explain this duplication, and the Court will address both as a single claim.

Rule 12(c) to individual causes of action." *Strigliabotti v. Franklin Res., Inc.,* 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005) (citing *Moran v. Peralta Cmty. Coll. Dist.,* 825 F. Supp. 891, 893 (N.D. Cal. 1993)). Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg v. City of Riverside,* 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Carmen v. S.F. Unified Sch. Dist.,* 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

**III.   ANALYSIS**

Defendant argues Plaintiff failed to plead sufficient facts to support any of his claims. (ECF No. 16 at 7.) The Court will discuss each claim in turn.

A.   <u>Discrimination in Violation of California Government Code § 12940(a)</u>

Defendant moves to dismiss Plaintiff's FEHA claims for discrimination on the basis of race, religion, and sex, arguing Plaintiff's pleadings are conclusory and "boilerplate." (ECF No. 16 at 10.) Plaintiff responds his claims are sufficiently stated. (ECF No. 17 at 4–5.)

FEHA prohibits an employer from discriminating against an employee because of the employee's race, religion, or sex. CAL. GOV'T CODE § 12940(a). To state a claim for discrimination under FEHA, a plaintiff must allege: (i) he was a member of a protected class; (ii) he was performing competently in the position he held; (iii) he suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive. *Ayala v. Frito Lay, Inc.*, No. 116-CV-01705-DAD-SKO, 2017 WL 2833401, at *7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013); *Guz v. Bechtel Nat'l., Inc.*, 24 Cal. 4th 317, 355 (2000)). A plaintiff can demonstrate discriminatory motive by showing "other similarly situated employees outside of the protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. 2015).

Plaintiff alleges "he went from being a full-time employee to only working part-time" and that Defendant terminated his employment because he was an African American man who practiced Islam, and Defendant knew of his membership in protected classes. (ECF No. 16-1 ¶¶ 26–27.) Plaintiff's allegation his status was reduced or Defendant terminated him because of his

4

membership in protected classes is a recitation of an element.  *See Iqbal*, 556 U.S. at 678.  Plaintiff's allegation Defendant reduced his hours or terminated his employment for reasons he disputes is insufficient to plausibly suggest Defendant acted *because* of his race, religion, or sex.  *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (finding the plaintiff did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a younger employee, overhearing negative comments about age, or her age being point of discussion); c*f. Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d at 801–02 (finding the plaintiff pleaded specific non-conclusory facts sufficient to give rise to a plausible inference religion was a significant motivating factor in his termination and defendant's proffered reason was pretextual, where the plaintiff alleged the defendant claimed it fired him for benefits fraud but never investigated, there was no question as to his job performance during his employment, and his supervisor complained about his time off for religious practice and called one of the practices of the plaintiff's Hindu faith "ridiculous").

Plaintiff's allegations do not give rise to a plausible inference that Defendant's proffered reason for terminating Plaintiff was pretextual.  *Achal*, 114 F. Supp. 3d at 802.  Because Plaintiff has not alleged facts sufficient to support the fourth element in relation to any of his discrimination claims, the Court need not analyze the other three elements.  Accordingly, the Court finds Plaintiff does not adequately state claims for age, sex, or race discrimination pursuant to 12940(a) and GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's discrimination claims.

B. <u>Wrongful Termination in Violation of Public Policy</u>

Plaintiff alleges Defendant wrongfully terminated his employment in violation of public policy based on Plaintiff's "union affiliation, race, national origin, gender, and religion."  (ECF No. 16-1 ¶¶ 35, 77, & 78.)  Defendant argues Plaintiff's claim is preempted by the National Labor Relations Act ("NLRA"), fails to allege sufficient facts, or alternatively, fails because Plaintiff's wrongful termination claim is based on deficient discrimination claims.  (ECF No. 16 at 12–14.)

i. *National Labor Relations Act ("NLRA") Preemption*

In cases which involve either an actual or an arguable violation of either Section 7 or 8 of

the NLRA, both the states and the federal courts must defer to the "exclusive competence" of the National Labor Relations Board ("NLRB"). *Commc'ns Workers of Am. v. Beck*, 487 U.S. 735, 742 (1988) (citing *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 245 (1959)). NLRA Section 7 protects employees' rights to join labor unions, collectively bargain, and engage in other activities for purposes of mutual aid. 29 U.S.C. § 157. NLRA Section 8 prevents employers from engaging in unfair labor practices or interfering with employees' rights to join labor unions and bargain collectively. 29 U.S.C. § 158(a)(1)-(3). Plaintiff's claim for wrongful termination based on Plaintiff's active union membership, if proven, would constitute a violation of the NLRA and is subject to *Garmon* preemption. *Clayton v. Pepsi Cola Bottling Grp.*, Civ. A. No. CV85-5957-WMB, 1987 WL 46230, at *7 n.1 (C.D. Cal. Mar. 3, 1987).

Plaintiff, however, argues Defendant had multiple illegal reasons for terminating him, and *Garmon* preemption should not apply to his *entire* wrongful termination claim, which includes allegations of public policy violations outside NLRB's jurisdiction. (ECF No. 17 at 8–9) (citing *Balog v. LRJV, Inc.*, 204 Cal. App. 3d 1295, 1308–09 (Ct. App. 1988), *reh'g denied and opinion modified* (Sept. 20, 1988) (holding a court retains jurisdiction over wrongful termination claims based on many illegal reasons, if some reason or reasons were not even arguably related to unfair labor practices). Plaintiff's claims for wrongful termination based on race, national origin, gender, and religion, are not arguably related to violations of either Section 7 or 8 of NLRA, which protect union activities. The scheme of civil protection set out in FEHA is the type of interest "deeply rooted in local feeling and responsibility" NLRA does not deprive the states of the power to act on. *See Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters*, 436 U.S. 180, 196 (1978); *Carter v. Smith Food King*, 765 F.2d 916, 921 n.6 (9th Cir. 1985).

Accordingly, Plaintiff's claim for wrongful termination based on union membership is preempted by NLRA, but Plaintiff's claims for wrongful termination in violation of public policy regarding Plaintiff's race, national origin, gender, and religion, are not preempted.

  *ii. Pleading Adequacy of Plaintiff's Wrongful Termination Claim*

Defendant argues, to the extent Plaintiff's wrongful termination claim is not preempted, it fails because it is premised on deficient discrimination claims. (ECF No. 16 at 14.) "The

elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm." *Yau v. Allen*, 229 Cal. App. 4th 144, 154 (2014).

As discussed, Plaintiff does not state sufficient allegations to support claims for race, religion, or gender discrimination, so Plaintiff's derivative claim for wrongful termination in violation of public policy based on race, religion, or sex fails. *See Tumblin v. USA Waste of California, Inc.*, No. CV 16-2902 DSF-PLAX, 2016 WL 3922044, at *8 (C.D. Cal. 2016). Plaintiff asserts this claim is also based on national origin. (ECF No. 16-1 ¶ 78.) This is the only portion of the complaint in which Plaintiff alleges discrimination based on his national origin. Plaintiff does not allege any facts to support a plausible inference his national origin was a motivating factor in his termination and Defendant's proffered reason for terminating Plaintiff was pretextual. *Achal*, 114 F. Supp. 3d at 802.

Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to this Plaintiff's wrongful termination claims.

C.     Retaliation in Violation of California Government Code § 12940(h)

Plaintiff alleges he engaged in protected activities such as "being a Muslim male and an African American" and "a member of the CFT union." (ECF No. 16-1 ¶¶ 47–48.) Plaintiff alleges Defendant terminated his employment because of those alleged protected activities. (ECF No. 16-1 ¶¶ 47–48.) Defendant argues Plaintiff failed to show causation between Plaintiff's termination and any protected activity. (ECF No. 16 at 14.)

To establish a claim for retaliation under FEHA Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017 WL 2833401, at *12. A "protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1042.

7

Plaintiff does not allege he engaged in any protected activity, such as opposing practices forbidden under FEHA, filing a complaint, testifying, or assisting in any proceeding under FEHA. Further, any claim for retaliation based on union activities would be preempted by NLRA and subject to the exclusive jurisdiction of NLRB. Because Plaintiff has not alleged facts sufficient to support the first element of his retaliation claim, the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's retaliation claim.

### D. Harassment

Plaintiff alleges Defendant made "false statements in the workplace" regarding his job performance and gave him "negative reviews based on knowing misstatements of fact." (ECF No. 16-1 ¶¶ 56–57.) Plaintiff alleges Defendant withheld work hours and other benefits of employment and terminated his employment to penalize Plaintiff for his protected status. (ECF No. 16-1 ¶¶ 56–57.) Defendant argues Plaintiff's claim fails as a matter of law because Plaintiff's allegations relate to "conduct arising out of necessary personnel management duties cannot form the basis of a harassment claim." (ECF No. 16 at 15.)

FEHA prohibits an employer or any other person from harassing an employee because of the employee's race, sex, and religion. CAL. GOV'T CODE § 12940(j)(1). To state a claim for harassment, a plaintiff must show that: (1) he is a member of a protected group; (2) he was subjected to harassment because he is a member of that protected group; and (3) the harassment was so severe that it created a hostile work environment. *Whitten v. Frontier Commc'ns Corp.*, No. 2:12-CV-02926-TL, 2015 WL 269435, at *14 (E.D. Cal. Jan. 21, 2015) (citing *Lawler v. Montblanc N. Am., LLC,* 704 F.3d 1235, 1244 (9th Cir. 2013); *Aguilar v. Avis Rent A Car Sys., Inc.,* 21 Cal. 4th 121 (1999)).

To succeed, "[the p]laintiff must allege the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Whitten*, 2015 WL 269435, at *14 (citing *Ortiz,* 973 F.Supp.2d at 1178). The harassment must be such that it would have interfered with a reasonable employee's work performance, seriously affected the psychological well-being of a reasonable employee, and did offend the plaintiff. *Id.*

(citing *Velente–Hook v. E. Plumas Health Care,* 368 F.Supp.2d 1084, 1102 (internal citations omitted). "[W]hether an environment is sufficiently hostile or abusive must be judged by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*. at 15 (citing *Clark Cnty. Sch. Dist. v. Breeden,* 532 U.S. 268, 270–71 (2001)).

"[C]ommonly necessary personnel management actions ... do not come within the meaning of harassment." *Roby*, 47 Cal. 4th 686, 700 (2009), *as modified* (Feb. 10, 2010) (quoting *Reno v. Baird* 18 Cal. 4th 640, 646–47 (1998)). The actions include, "hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off." *Reno*, 18 Cal. 4th at 646–47. In contrast, harassment "consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management." *Id*.

Plaintiff only alleges common necessary personnel actions, such as firing, evaluation, and work assignments. Plaintiff has not alleged facts sufficient to support the third element of his harassment claim, so the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's harassment claim.

### E. Failure to Prevent Discrimination in Violation of California Government Code § 12940(k)

Defendant argues FEHA's Section 12940(k) does not give private litigants a private cause of action for a stand-alone claim for failure to prevent discrimination as an independent statutory violation. (ECF No. 16 at 16–17.) Defendant cites the Fair Employment and Housing Commission's ("FEHC") decision in *In the Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*, FEHC Dec. No. 10-04-P, at *12 (Oct. 19, 2010) (holding "there cannot be a claim [by a private litigant] for failure to prevent discrimination without a valid claim for discrimination"). (ECF No. 19 at 13.) As discussed above, Plaintiff has not alleged facts sufficient to state a claim for discrimination based on race, religion, or sex, so Plaintiff's

derivative claim of failure to prevent discrimination fails. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to prevent discrimination claim.

### F. <u>Intentional Infliction of Emotional Distress</u>

Defendant argues Plaintiff's claim fails as a matter of law because Plaintiff's allegations with respect to intentional infliction of emotional distress relate to personnel management activities, which do not rise to the level of "extreme and outrageous conduct." (ECF No. 16 at 18.) To state a claim for intentional infliction of emotional distress, a plaintiff must show, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Extreme and outrageous conduct must "exceed all bounds of that usually tolerated in a civilized community." *Id*. at 1050–51. "Whether a defendant's conduct can reasonably be found to be [extreme and] outrageous is a question of law that must initially be determined by the court." *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (2007).

"A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electrs.,* 46 Cal. App. 4th 55, 80 (1996). "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Id.* Personnel management activity includes, "hiring and firing, job or project assignments, office or work station assignment, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off." *Id*. at 64–65.

Plaintiff alleges Defendant terminated his employment and discriminated against him in making firing decisions despite Defendant's knowledge of Plaintiff's "protected characteristics." (ECF No. 16-1 ¶ 86.) Plaintiff has not alleged any facts that are outside Defendant's employment and supervisory duties. The action Plaintiff does allege — making a hiring decision — is an activity California courts have expressly found constitute personnel management activity and is insufficient to support a claim. *Janken,* 46 Cal. App. 4th at 64–65.

Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's intentional infliction of emotional distress claim.

## IV. LEAVE TO AMEND

Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg,* 300 F. Supp. 2d at 945; *Carmen,* 982 F. Supp. at 1401. The Court cannot say that the pleading could not possibly be cured by the allegation of other facts. Accordingly, the Court GRANTS Plaintiff leave to amend the complaint.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (ECF No. 16) is hereby GRANTED as to all claims with leave to amend within 30 days of the date of this Order.

IT IS SO ORDERED.

Dated: September 8, 2017

Troy L. Nunley
United States District Judge