1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   MAURICE GOENS,                          No. 2:16-cv-00960-TLN-KJN

12              Plaintiff,

13        v.                                 **ORDER GRANTING PLAINTIFF'S
                                             MOTION FOR EXTENSION OF TIME**
14   ADAMS & ASSOCIATES, INC.,

15              Defendant.

16

17          This matter is before the Court pursuant to Plaintiff Maurice Goens's ("Plaintiff") Motion

18   for Extension of Time to file his First Amended Complaint.  (ECF No. 28.)  Defendant has filed

19   an opposition to Plaintiff's motion.  (ECF No. 29)  Plaintiff filed a reply.  (ECF No. 30.)  For the

20   reasons discussed below, the Court hereby GRANTS Plaintiff's motion.  (ECF No. 28.)

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                              1

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an employment dispute, in which Plaintiff alleges Defendant violated provisions of California Fair Employment and Housing Act ("FEHA") and common law, including discrimination, wrongful termination, and intentional infliction of emotional distress. (ECF No. 16-1 at 4–14.) Defendant removed the case based on diversity jurisdiction and moved for judgment on the pleadings, arguing Plaintiff failed to state a claim. (ECF No. 1 at 1–2.) On September 11, 2017, this Court granted Defendant's Motion for Judgment on the Pleadings, with leave to amend within 30 days of that order. (ECF No. 24 at 11.) Plaintiff did not amend his complaint and did not file a motion for extension of time.

On October 13, 2017, Defendant filed a Motion to Dismiss with Prejudice based on Plaintiff's failure to timely file an amended complaint. (ECF No. 25 at 1–2.) Defendant's motion was calendared for a hearing on November 16, 2017. (ECF No. 25 at 2.) Pursuant to Local Rule 230, the deadline for Plaintiff to file any opposition was November 2, 2017. L.R. 230(c) (requiring that any opposition to a motion "shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date"). Plaintiff did not file an opposition to Defendant's motion to dismiss. On November 7, 2017, Defendant filed a Notice of Plaintiff's Non-Opposition, noting the deadline for Plaintiff to oppose Defendant's motion to dismiss had passed and requesting the Court grant Defendant's Motion to Dismiss. (ECF No. 26 at 2.)

Plaintiff moves for an extension of time pursuant to Federal Rules of Civil Procedure 6(b) and 60(b), arguing Plaintiff's counsel failed to act due to excusable neglect. (ECF No. 28 at 1.) Plaintiff's counsel states his grandmother suffered a stroke in August 2017, and he was required to travel to Oroville multiple times per week over September and October 2017 to assist her. (ECF No. 28 at 2–3.) Plaintiff's counsel states he let go of his legal secretary for unrelated reasons in late August 2017. (ECF No. 28 at 3.) Plaintiff's counsel states that when this Court issued its order to dismiss in September 2017 with leave to amend, he added the deadline into his electronic calendar system, but when he added later deadlines in related cases he inadvertently calendared a later, incorrect deadline in this matter. (ECF No. 28 at 3.) Plaintiff's counsel states a similar error occurred regarding the deadline to oppose Plaintiff's motion to dismiss. (ECF No.

28 at 3.)

## II.   STANDARD OF LAW

Federal Rules of Civil Procedure 60(b) allows a court to relieve a party from a final judgment, order, or proceeding, based on several listed reasons.  Fed. R. Civ. P. 60(b).

Federal Rule of Civil Procedure 6(b) permits a court to grant an extension of time, after a deadline has expired, for good cause and "based on a showing of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  The Ninth Circuit has held that the Supreme Court's analysis of excusable neglect in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993) applies to this context.  *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).  Courts analyzing excusable neglect employ an "equitable analysis" which includes "the following factors: (1) the danger of prejudice to the opposing party; (2) 'the length of the delay and its potential impact on judicial proceedings;' (3) 'the reason for the delay, including whether it was within the reasonable control of the movant;' and (4) 'whether the movant acted in good faith.'"  *Id*. (quoting *Pioneer,* 507 U.S. at 394).

A district court abuses its discretion when it fails to apply the four-factor *Pioneer* equitable balancing test to cases in which the test is appropriate.  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261–62 (9th Cir. 2010).  Courts engaged in balancing the *Pioneer* factors may not simply apply a per se rule because per se rules are inconsistent with Supreme Court authority in *Pioneer* on the issue of excusable neglect.  *Id*. (citing *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004)).

Rule 6(b), "like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'"  *Ahanchian*, 624 F.3d at 1258–59 (quoting *Rodgers v. Watt,* 722 F.2d 456, 459 (9th Cir.1983)).

## III.   ANALYSIS

Plaintiff moves for an extension of time pursuant to Federal Rules of Civil Procedure 6(b) and 60(b), arguing Plaintiff's counsel failed to act due to excusable neglect.  (ECF No. 28 at 5.)  Defendant opposes, arguing Rule 60(b) is inapplicable and Plaintiff's counsel's neglect was not excusable under Rule 6(b)(1)(B).  (ECF No. 29 at 4.)

3

A.    Rule 60(b)

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment, order, or proceeding. Fed. R. Civ. P. 60(b). A final judgment, order, or proceeding has not yet occurred in this action. Rule 60(b), therefore, is inapplicable. *Baker v. Ensign*, No. 11-CV-2060-BAS WVG, 2014 WL 4352167, at *4 (S.D. Cal. Aug. 29, 2014) (finding Rule 60(b) was not the appropriate rule to apply when a final judgment or order had not yet occurred).

B.    Rule 6(b)(1)(B)

Plaintiff moves for an extension of time under Federal Rule of Civil Procedure 6(b)(1)(B) arguing Plaintiff's counsel's failure to timely file an amended complaint was due to excusable neglect. (ECF No. 28 at 5.) Defendant argues the neglect was not excusable. (ECF No. 29 at 4.)

"To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian*, 624 F.3d at 1261 (citing *Pioneer*, 507 U.S. at 395).

i.    *Danger of Prejudice to the Opposing Party*

Plaintiff argues the delay was less than 30 days as of the date Plaintiff filed the instant motion and the delay will not prejudice any other party, but denying relief would result in extreme prejudice to Plaintiff. (ECF No. 28 at 4, 8.) Defendant argues it will be prejudiced if the Court grants Plaintiff's motion because defending multiple deficient lawsuits brought by Plaintiff's counsel against Defendant imposes a significant burden on Defendant. (ECF No. 29 at 6.) Defendant's frustration regarding other cases does not speak to whether it will be prejudiced in this matter. Defendant will not be prejudiced by Plaintiff having the opportunity to file his amended complaint rather than Defendant having the case dismissed for reasons unrelated to its merits. *Ahanchian*, 624 F.3d 1253, 1262 (9th Cir. 2010) ("At most, they would have won a quick but unmerited victory, the loss of which we do not consider prejudicial."); *see also Bateman*, 231 F.3d at 1225 (finding loss of a quick victory and potentially having to reschedule a trial date were insufficient prejudice to justify denying relief).

ii.     *Length of Delay and Impact on Proceedings*

Plaintiff's amended complaint was due by October 11, 2017.  (ECF No. 24 at 11.)
Plaintiff filed his Motion for Extension of Time on November 9, 2017.  (ECF No. 28.)  The Ninth
Circuit has found a delay of over one month in filing a motion for relief is not long enough to
justify denying relief, while noting other litigation deadlines in that case would not be
significantly affected.  *Bateman*, 231 F.3d at 1225.  This matter is at an early stage, and the Court
has not yet issued a scheduling order or set any litigation deadlines.  The proceedings in this
matter will not be impacted by Plaintiff's delay in filing his amended complaint.

iii.     *Reason for the Delay*

Plaintiff states his failure to timely file was due to Plaintiff's counsel's error in
calendaring the relevant due dates, which was due in part to Plaintiff's counsel having to deal
with a family medical emergency.  (ECF No. 28 at 4.)  Defendant argues Plaintiff's counsel was
able to function as an attorney, as shown by his ability to timely file amended complaints in eight
related cases during this period.  (ECF No. 29 at 5.)  Defendant adds Plaintiff's counsel's
explanation that he made the same calendaring error twice is not persuasive.  (ECF No. 29 at 5.)

"[W]hile a calendaring mistake caused by the failure to apply a clear local rule may be a
weak justification for an attorney's delay, [the Ninth Circuit has] previously found the identical
mistake to be excusable neglect."  *Ahanchian*, 624 F.3d at 1262 (reversing a district court's grant
of summary judgment when the opposing party failed to timely file a response brief).  In
*Bateman,* the Ninth Circuit concluded excusable neglect was established where the attorney's
reasons for his nearly month-long delay in filing a response brief were the attorney's need to
recover from jet lag and to review mail that had piled up while he was traveling abroad.
*Bateman,* 231 F.3d at 1225.  *See also Pincay*, 389 F.3d at 858–60 (affirming a district court's
grant of a motion for extension of time to file, although a paralegal's mistake in misreading a rule
and calendaring incorrect filing deadlines was "egregious" and "one of the least compelling
excuses that can be offered").  Counsel's calendaring error is the type of error the Ninth Circuit
has found is excusable neglect, and his reason — that the error was due in part to a family
medical emergency — is more persuasive than jet lag and piled up mail.

5

iv.     *Whether the Movant Acted in Good Faith*

Plaintiff states he and his counsel have acted in good faith, have never sought to delay or failed to move the case forward, and have only had this issue arise once and took steps to ensure it will not happen again.  (ECF No. 28 at 8.)  Defendant argues Plaintiff's counsel has not demonstrated a good-faith effort to rectify the missed deadline to file his amended complaint. (ECF No. 29 at 6.)  Defendant notes that when Plaintiff's counsel realized his mistake, he did not immediately contact the Court or defense counsel.  (ECF No. 29 at 6.)  Defendant points out Plaintiff's counsel states he instead calendared another incorrect deadline, this one the deadline to respond to Defendant's motion to dismiss.  (ECF No. 29 at 6.)  Defendant adds the deadlines in this matter were unambiguous.  (ECF No. 29 at 6.)

The test for good faith under Rule 6(b) is "whether the failure to file in a timely fashion was 'in bad faith or [in an attempt] to obtain any advantage.'"  *Heath v. Google Inc.*, No. 15-CV-01824-BLF, 2016 WL 4729300, at *4 (N.D. Cal. Sept. 12, 2016) (quoting *Herbert v. State Farm Mut. Auto. Ins. Co.*, No. C 06-05532 SBA, 2009 WL 88352, at *2 (N.D. Cal. Jan. 13, 2009)).  *See also* Circuit Judge Berzon's concurrence in *Pincay* stating, "[t]he good faith consideration goes to the absence of tactical or strategic motives, not to the degree of negligence. . . . [G]iven the lack of prejudice or delay and the absence of *any* evidence of ulterior motives, [the moving party] need not have offered a terribly good countervailing reason to make their neglect excusable.  *Pincay*, 389 F.3d at 861 (emphasis in original) (internal quotation and citation omitted).

The parties have eleven related suits pending before this Court.  Those cases have generated numerous filing deadlines, and Plaintiff's counsel has not missed any of those deadlines nor requested any other extensions of time.  Plaintiff's counsel has described the unusual personal circumstances at the time he missed the deadline and states he has since implemented a new system to ensure he does not repeat this error.  (ECF No. 28 at 7–8.)  There is no indication Plaintiff's request for extension was not made in good faith.  *Bateman*, 231 F.3d at 1225 (finding counsel's "errors resulted from negligence and carelessness, not from deviousness or willfulness"); *Ahanchian*, 624 F.3d at 1262 (finding counsel's "reliance on the calendaring mistake was not a bad-faith, post-hoc rationalization concocted to secure additional time.").

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Extension of Time (ECF No. 28) is hereby GRANTED.  Plaintiff may file his First Amended Complaint within thirty (30) days of the date of this Order.  Defendant's Motion to Dismiss (ECF No. 25) IS DENIED, without prejudice, as moot.

IT IS SO ORDERED.

Dated: December 31, 2017

Troy L. Nunley
United States District Judge