UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE GOENS,<br><br>    Plaintiff,<br><br>    v.<br><br>ADAMS & ASSOCIATES, INC.,<br><br>    Defendant. | No. 2:16-cv-00960-TLN-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

    This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 34.) Plaintiff Maurice Goens ("Plaintiff") opposes the motion. (ECF No. 35.) Defendant has filed a reply. (ECF No. 37.) For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss, (ECF No. 34), with prejudice.

///
///
////
///
///
///
///

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an African American male who practices Islam and an active member of the California Federation of Teachers Union ("CFTU"). (ECF No. 33 ¶ 14.) Plaintiff alleges in 2008 he was hired as a Recreational Specialist for Sacramento Job Corps Center ("SJCC"), a career development facility for at-risk young adults. (ECF No. 33 ¶¶ 10–11.) Plaintiff states his duties included promoting student involvement in recreational activities and educational trips for students. (ECF No. 33 ¶ 12.) Plaintiff alleges during his tenure he had no disciplinary history, worked "with support and praise from his supervisors," and received the employee of the month award three times. (ECF No. 33 ¶ 13.)

In February 2014, Defendant became the new managing corporation of SJCC. (ECF No. 33 ¶ 15.) Plaintiff alleges Defendant announced it would evaluate and interview all employees, and reorganize job duties for positions. (ECF No. 33 ¶¶ 16, 17.) Plaintiff alleges he attended meetings with Defendant and was rehired as a Recreational Specialist. (ECF No. 33 ¶¶ 17–19.)

Plaintiff alleges his employment status went from full-time to part-time "shortly after" he informed Defendant he practiced Islam. (ECF No. 33 ¶ 19.) Plaintiff alleges Defendant terminated his employment on the final day of his six-month probationary period, citing "(1) lack of improvement in promoting student involvement in recreation; (2) failure to perform assigned duties as discussed with supervisor; (3) and failure to successfully pass the 6-month introductory period." (ECF No. 33 ¶ 21.) Plaintiff disputes this and alleges that he performed all assigned duties, as well as extra responsibilities, even while working part time. (ECF No. 33 ¶ 22.) Plaintiff alleges he received no warnings or notice of performance issues. (ECF No. 33 ¶ 28.)

Plaintiff states Caucasian supervisors and managers treated non-Caucasian employees differently than other employees, that non-African American employees were retained despite discipline issues, and that other minority employees were terminated without discipline issues or "based on false charges." (ECF No. 33 ¶ 23–25.) Plaintiff states SJCC terminated or disciplined racial minorities at "rates far higher" than Caucasian employees, that a manager "falsified claims" against employees who were not Plaintiff, and that Caucasian, Christian, and female employees "were provided preferential treatment." (ECF No. 33 ¶ 26, 27, 30.)

Defendant moved for judgment on the pleadings for failure to state a claim. (ECF No. 16.) The Court granted Defendant's motion as to all claims and granted Plaintiff leave to amend his complaint. (ECF No. 24.) Plaintiff amended his complaint, alleging the same six claims for violations of California's Fair Employment and Housing Act ("FEHA") and common law. (ECF No. 33.) Defendant moves to dismiss for failure to state a claim. (ECF No. 34.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 350 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that

3

have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Defendant argues Plaintiff failed to allege sufficient facts. (ECF No. 34 at 3.)

A. <u>Discrimination in Violation of California Government Code § 12940(a)</u>

Plaintiff alleges Defendant discriminated against him due to his race, religion, and sex by wrongfully firing him because he is "an African American man practicing Islam." (ECF No. 33 ¶¶ 40–42.) Plaintiff states Defendant and a manager at SJCC "singled out non-Caucasian

employees, including Plaintiff, and treated them differently than Caucasian employees" and "that the reasons provided for his termination were pretextual" for discrimination "based on his protected characteristics." (ECF No. 33 ¶¶ 44–45.)

To state a claim for discrimination under FEHA, a plaintiff must allege sufficient facts to show: (i) he was a member of a protected class; (ii) he was performing competently in the position he held; (iii) he suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive. *Ayala v. Frito Lay, Inc.*, 2017 WL 2833401, at *7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013)). A plaintiff can demonstrate discriminatory motive by showing "other similarly situated employees outside of the protected class were treated more favorably." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. July 14, 2015).

Plaintiff's allegation Defendant reduced his work hours or terminated him because of his membership in protected classes, (ECF No. 33 ¶ 41), is a recitation of an element. *See Iqbal*, 556 U.S. at 678. Plaintiff's allegation Defendant reduced his hours or terminated his employment for reasons he disputes is insufficient to plausibly suggest Defendant acted *because* of his race, religion, or sex. *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (finding the plaintiff did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a younger employee, overhearing negative comments about age, or her age being point of discussion); c*f. Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d at 801–02 (finding the plaintiff pleaded specific non-conclusory facts sufficient to give rise to a plausible inference religion was a significant motivating factor in his termination and defendant's proffered reason was pretextual, where the plaintiff alleged his supervisor complained about his time off for religious practice and called one of the practices of the plaintiff's Hindu faith "ridiculous," the defendant claimed it fired him for benefits fraud but never investigated, and there was no question as to his job performance during his employment).

Plaintiff further alleges that he saw other employees treated differently based on race and gender, and alleges statistical differences in rates of discipline based on race. (ECF No. 33 ¶¶ 26–30.) Plaintiff does not provide facts to support those conclusions nor explain whether and how

examples, which he has not provided, of differences in treatment between other employees relate to his employment, termination, or claims.

Plaintiff's allegations do not give rise to a plausible inference that Defendant's proffered reason for terminating Plaintiff was pretextual. *Achal*, 114 F. Supp. 3d at 802. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's discrimination claims.

B. <u>Wrongful Termination in Violation of Public Policy</u>

Plaintiff alleges Defendant violated public policy by "terminating Plaintiff's employment on account of Plaintiff's protected characteristics." (ECF No. 33 ¶ 54.) "The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm." *Yau v. Allen*, 229 Cal. App. 4th 144, 154 (2014).

As discussed, Plaintiff does not state sufficient allegations to support claims for race, religion, or sex discrimination, so Plaintiff's derivative claim for wrongful termination in violation of public policy based on race, religion, or sex fails. *See Tumblin v. USA Waste of California, Inc.*, 2016 WL 3922044, at *8 (C.D. Cal. July 20, 2016). Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's wrongful termination claim.

C. <u>Retaliation in Violation of California Government Code § 12940(h)</u>

Plaintiff alleges Defendant retaliated against him by firing him for "such protected activities as being a Muslim male and African American." (ECF No. 33 ¶ 63.)

To establish a claim for retaliation under FEHA Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017 WL 2833401, at *12. A "protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1042.

///

Plaintiff does not allege Defendant retaliated against him for any protected activity, such as opposing practices forbidden under FEHA, filing a complaint, testifying, or assisting in any proceeding under FEHA. CAL. GOV'T CODE § 12940(h). The "activities" Plaintiff labels as protected activities, being a Muslim male and an African American, are not protected activities under FEHA. *Id*. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for retaliation.

### D. Harassment

Plaintiff alleges Defendant harassed him by making "false statements in the workplace" regarding his job performance, giving him "negative reviews based on knowing misstatements of fact," and terminating him to "penalize Plaintiff for his protected status." (ECF No. 33 ¶¶ 70–71.)

To state a claim for harassment, a plaintiff must show that: (1) he is a member of a protected group; (2) he was subjected to harassment because he is a member of that protected group; and (3) the harassment was so severe that it created a hostile work environment. *Whitten v. Frontier Commc'ns Corp.*, 2015 WL 269435, at *14 (E.D. Cal. Jan. 21, 2015) (citing *Lawler v. Montblanc N. Am., LLC,* 704 F.3d 1235, 1244 (9th Cir. 2013); *Aguilar v. Avis Rent A Car Sys., Inc.,* 21 Cal. 4th 121 (1999)). "[C]ommonly necessary personnel management actions ... do not come within the meaning of harassment." *Roby*, 47 Cal. 4th 686, 700 (2009), *as modified* (Feb. 10, 2010) (quoting *Reno v. Baird* 18 Cal. 4th 640, 646–47 (1998)). Harassment "consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management." *Reno*, 18 Cal. 4th at 646–47.

Plaintiff only alleges commonly necessary personnel management actions, such as assigning work, evaluating an employee, and making a firing decision, which are not harassment. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's harassment claim.

### E. Failure to Prevent Discrimination in Violation of California Government Code § 12940(k)

Plaintiff alleges "Defendant failed to take 'all reasonable steps necessary' to prevent its employees from engaging in discrimination," and asserts a claim under California Government Code § 12940(k). (ECF No. 33 ¶¶ 79–80.) FEHA's Section 12940(k) does not give private

litigants a private cause of action for a stand-alone claim for failure to prevent discrimination as an independent statutory violation. *In the Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*, FEHC Dec. No. 10-04-P, at *12 (Oct. 19, 2010) (holding "there cannot be a claim [by a private litigant] for failure to prevent discrimination without a valid claim for discrimination"). As discussed above, Plaintiff has not alleged facts sufficient to state a claim for discrimination based on age, sex, or race, so Plaintiff's derivative claim for failure to prevent discrimination fails. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to prevent discrimination.

### F. Intentional Infliction of Emotional Distress

Plaintiff alleges Defendant terminated his employment and discriminated against him in making firing decisions despite Defendant's knowledge of Plaintiff's "protected characteristics." (ECF No. 33 ¶ 90.) To state a claim for intentional infliction of emotional distress, a plaintiff must show, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electrs.*, 46 Cal. App. 4th 55, 80 (1996). "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Id.*

Plaintiff has not alleged conduct other than making a firing decision, and that is an activity California courts have expressly found constitutes personnel management activity. *Janken,* 46 Cal. App. 4th at 64–65. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's intentional infliction of emotional distress claim.

### IV. LEAVE TO AMEND

"A district court may deny a plaintiff leave to amend if it determines that allegations of other facts consistent with the challenged pleading could not possibility cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). Although a

court should freely give leave to amend when justice so requires, "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

Plaintiff has had two opportunities to allege facts sufficient to support his claims and has not done so. The Court provided detailed analysis in its order on Defendant's motion for judgment on the pleadings about the deficiencies of the complaint as to each claim and granted leave to amend. (ECF No. 24.) Those deficiencies have not been cured and it would be futile to allow further opportunities to amend. Accordingly, the Court will not grant leave to amend.

### V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss, (ECF No. 34), with prejudice. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: August 13, 2018

Troy L. Nunley
United States District Judge